# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON THORNTON IMPORTS, LLC, d/b/a Audi Tulsa, <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>Z AUTO GROUP, LLC, and DAVID UZZELL, individually and d/b/a Z Auto Group, <br><br>　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 17-CV-0158-CVE-TLW |

## OPINION AND ORDER

Now before the Court is plaintiff's motion for attorney fees (Dkt. # 15). Plaintiff brought this suit against Z Auto Group, LLC (Z Auto Group) and David Uzzell, individually and doing business as Z Auto Group, for breach of contract, unjust enrichment, and fraud. Dkt. # 2. Plaintiff's claims arose from defendants' alleged failure to pay plaintiff pursuant to a contract for the sale of a 2015 Audi A8 vehicle. Id. On July 14, 2017, the Court entered a final default judgment[1] against Uzzell. Plaintiff now asks the Court to enter a judgment of attorney fees in favor of plaintiff and against Uzzell in the amount of $10,315.14. No response has been filed, and the time to do so has expired.[2]

Under Oklahoma law, the prevailing party in a civil action to recover under a contract relating to the purchase or sale of goods shall be allowed reasonable attorney fees as set by the court.

---

[1]　The Court originally entered default judgment against Uzzell on June 20, 2017. On July 14, 2017, the Court amended the default judgment to add findings under Federal Rule of Civil Procedure 54(d) that the judgment was final and no just reason for delay of its entry existed. See Dkt. # 20, at 1 n.1.

[2]　Plaintiff's motion was filed on July 5, 2017. Pursuant to Local Rule 7.2(e), Uzzell's response brief was due on July 26, 2017.

Okla. Stat. tit. 12, § 936. The Oklahoma Supreme Court has held that § 936 should be construed narrowly, and applies only where a party is seeking to collect "monetary consideration promised as payment for the receipt of property, labor or services." Kay v. Venezuelan Sun Oil Co., 806 P.2d 648, 651 n.12 (Okla. 1991); see also Specialty Beverages, L.L.C. v. Pabst Brewing Co., 537 F.3d 1165, 1184 (10th Cir. 2008) (applying Oklahoma law). Here, plaintiff asserts that it entered into a sales agreement with Z Auto Group, under which plaintiff agreed to sell and deliver a specific Audi A8 vehicle and Z Auto Group agreed to pay plaintiff $58,000 in consideration. Dkt. # 2, at 2. Plaintiff asserts that it delivered the vehicle, but the check Z Auto Group sent plaintiff to fulfill the sales agreement was returned unpaid due to insufficient funds. Id. at 2-3. Plaintiff asserts that Z Auto Group directed plaintiff to attempt to deposit the check a second time, but that the check returned unpaid again, this time because the underlying account had been closed. Id. at 3. Plaintiff brought suit against defendants seeking to recover the $58,000 due under the sales agreement and $112,000 in exemplary damages. Id. at 4-5. The Count entered default judgment against Uzzell for $56,000 in actual damages and $112,000 in exemplary damages. Dkt. # 20, at 2. Because plaintiff is the prevailing party against Uzzell and filed this suit to collect "monetary consideration promised as payment for the receipt of property," plaintiff may recover under § 936 reasonable attorney fees arising from this case. However, not all of the work billed in the time records submitted with plaintiff's motion arises from this case.

Plaintiff asserts that the attorney fees in this case total $12,135.46. Dkt. # 15, at 2. Plaintiff asks for $10,315.14 in attorney fees (a 15% discount) in order to account for potential duplication of services and to ensure the reasonableness of its fee request. Id. at 2-3. Plaintiff has provided detailed records from its counsel, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C. (Hall Estill),

to support its motion. See id. at 8-27. However, the time records show that most of the hours billed are for work done on a related case in Texas, not this suit. From the descriptions of the work done by plaintiff's counsel, it appears that plaintiff first attempted to secure the return of the Audi A8 from the individual who purchased the vehicle from Z Auto Group. The attempt to regain possession of the vehicle seems to have resulted in a lawsuit filed against plaintiff in Texas. The hours billed in January and February 2017 relate to tasks such as researching Texas law, conferring with local counsel in Texas, preparing for a preliminary injunction hearing, and discussing a possible settlement. Id. at 9, 13. Plaintiff seeks attorney fees under § 936, which should be narrowly construed and allows a prevailing party to collect attorney fees in a narrow range of circumstances. Those circumstances do not include a related out-of-state lawsuit. Plaintiff is entitled to reasonable attorney fees under § 936 only for work done on this suit. According to the time records, plaintiff's counsel began work on this suit on March 2, 2017. See id. at 17. All work prior to March 2, 2017 does not arise from this suit, and plaintiff cannot collect attorney fees under § 936 for those fees.

The Oklahoma Supreme Court has outlined a two-step process for arriving at a reasonable attorney fee: (1) determine the lodestar fee, which is the reasonable hourly compensation on an "hours times rate basis," and (2) enhance or reduce the lodestar fee, if warranted, by adding or subtracting an amount arrived at by applying the factors set forth in Burk v. City of Oklahoma City, 589 P.2d 659 (Okla. 1979). The factors a court should consider when determining if an amount above or below the lodestar amount should be awarded are as follows:

> 1. Time and labor required. 2. The novelty and difficulty of the questions. 3. The skill requisite to perform the legal service properly. 4. The preclusion of other employment by the attorney due to acceptance of the case. 5. The customary fee. 6. Whether the fee is fixed or contingent. 7. Time limitations imposed by the client or the circumstances. 8. The amount involved and the results obtained. 9. The experience, reputation and ability of the attorneys. 10. The 'undesirability' of the

>case. 11. The nature and length of the professional relationship with the client, 12. Awards in similar cases.

Id. at 661 (quoting Evans v. Sheraton Park Hotel, 503 F.2d 177, 187-88 (D.D.C. 1974)). The party applying for attorney fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked . . . , and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Based on the descriptions of the work in the time records, all work after and including March 2, 2017 directly arose from this suit. Plaintiff's counsel billed for 8.35 hours of services rendered during that time. Id. at 17, 21, 25. Upon review of the detailed records submitted by plaintiff's attorneys, the Court finds the amount of time spent on plaintiff's case to be reasonable and not duplicative.

The time records indicate that two people, John T. Richer and James M. Reed, worked on plaintiff's case after March 2, 2017. Both are attorneys with extensive litigation experience and are shareholders at Hall Estill. Richer billed an hourly rate of $320, and Reed billed an hourly rate of $510. Id. at 17. To determine whether an hourly rate is reasonable, courts look to "the prevailing market rate in the relevant community." Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)). The Court finds that Richer's hourly rate is reasonable for an attorney in this district with his experience. See, e.g., Richards Grp., Inc. v. DecisionPoint Sys., Inc., No. 14-cv-575-TCK-TLW, 2016 WL 9086932, at *5 (N.D. Okla. Jan. 13, 2016) (finding hourly rates of $400 and $380 reasonable for experienced attorneys in case with default judgment). However, Reed's hourly rate is inconsistent with the local market. See, e.g.,

4

McCrary v. Country Mut. Ins. Co., No. 13-CV-507-JED-PJC, 2016 WL 8118183, at *2 (N.D. Okla. June 22, 2016) (noting that the Northern District of Oklahoma commonly allows hourly rates of between $250 and $300 for commercial litigators). The Court will reduce Reed's hourly rate to $320, which is consistent with the local market and reflective of his skill and experience. See Richards Grp., 2016 WL 9086932, at *5 (reducing hourly fee for experienced commercial litigator from $425 to $325). An hourly rate of $320 for 8.35 hours yields a lodestar amount of $2,672. After consideration of the factors set out in Burk, the Court sees no reason to alter the lodestar amount.

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorney fees (Dkt. # 15) is **granted in part and denied in part**, and attorney fees in the amount of $2,672 are awarded to plaintiff, and against defendant David Uzzell, individually and doing business as Z Auto Group. A separate judgment will be entered herewith.

**DATED** this 27th day of July, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE